# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERESA A. GALLAGHER,   Civil Action No. 2:22-cv-1791

    Plaintiff,

v.

CENTRAL VALLEY SCHOOL DISTRICT,

    Defendant.   JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Theresa A. Gallagher, by undersigned counsel, files this Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1), and 28 U.S.C. §§1331 and 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in the Beaver County.

### III. Administrative Remedies

3. Plaintiff has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

    a. On or about September 14, 2021, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination.

    b. On or about September 14, 2021, Plaintiff filed a timely Complaint of Discrimination with the Pennsylvania

                Human Relations Commission (PHRC) alleging age discrimination.

      c.      Plaintiff received a Notification of Dismissal from the EEOC dated December 13, 2022.

      d.      This case was filed more than 60 days after filing of the EEOC charge and within 90 days of receipt of the Notification of Dismissal.

      e.      More than one year has lapsed since the date Plaintiff filed her PHRC complaint.

### IV. Parties

4.      Gallagher is an adult individual who resides in Beaver County, Pennsylvania.

5.      Defendant, Central Valley School District, is a school district and political subdivision of the Commonwealth of Pennsylvania with its principal place of business at 160 Baker Road Extension, Monaca, Pennsylvania 15061.

6.      At all times relevant hereto, Defendant is and was an employer within the meaning of 29 U.S.C. §630(b), in that it is engaged in an industry affecting interstate commerce and employs more than 20 employees.

7.      At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### V. Facts

8.      Gallagher started working for Defendant in September 2001 as a day-to-day substitute teacher.

9.      Gallagher holds four teaching certificates: (1) N-K Permanent Private & Academic Schools; (2) Elementary K-6; (3) Library Science PK-12; and (4) Family and

Consumer Science PK-12.

10. At all times during her employment, Gallagher worked diligently and exhibited a high level of professionalism and competence.

11. From September 2001 to June 2021, Plaintiff held a variety of short-term and twelve long-term substitute teaching positions.

12. Throughout her employment with Defendant, Gallagher expressed interest in a variety of permanent teaching positions, but Defendant never offered her any such positions and instead, hired significantly younger applicants, without publicly advertising these open positions.

13. Most recently, on June 16, 2021, Plaintiff became aware of an open Third Grade permanent teaching position that Defendant failed to post as required by the collective bargaining agreement and submitted a letter of interest to Donna Belcastro, School Board President and Dennis Bloom, School Board Personnel Committee Chair.

14. Neither Belcastro nor Bloom responded to Plaintiff's letter of interest.

15. Defendant rejected Plaintiff for the position and instead hired a significantly younger, less qualified individual for the open Third Grade permanent teacher position.

16. On August 5, 2021, during a phone call between Plaintiff and Belcastro in relation to the above hiring, Belcastro commented that Defendant's Superintendent Nick Perry would never hire anyone with experience.

17. During their call, Belcastro described a prior hiring decision where Perry said not to hire an experienced guidance counsellor and instead to hire a significantly younger, less experienced applicant.

18. On August 19, 2021, during a school board meeting, Perry remarked about

his excitement in having newly hired "fresh young faces" (see time at 20:20-40) on Respondent's You Tube link:  https://www.youtube.com/watch?v=d5Zm1klJgUk .

19. Perry stated as follows:

"New teacher orientation took place Tuesday Wednesday and Thursday this week. I believe we had 13 here.  We have 13 new teachers; **young, fresh faces** excited to get into education."

20. Plaintiff was 52 years old at the time Defendant denied her the above Third Grade permanent teacher position.

## **Count I – ADEA**

21. Plaintiff incorporates paragraphs 1 through 20 as though the same had been fully set forth at length herein.

22. Defendant denied Plaintiff the above permanent Third Grade teacher position because of her age, 52, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

23. Defendant's violation of the ADEA was willful.

24. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff suffered a loss of income and fringe benefits, and lost career opportunities.

WHEREFORE, Plaintiff demands judgment as follows:

    a. That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

    b. That Defendant be required to provide Plaintiff with front pay;

      c.    That Defendant be required to compensate Plaintiff for lost benefits, including pension benefits until Plaintiff's normal retirement date;

      d.    That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

      e.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

      f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

      g.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II – PHRA

25.    Plaintiff incorporates paragraphs 1 through 24 as though the same had been fully set forth at length herein.

26.    Defendant denied Plaintiff the above permanent Third Grade teacher position because of her age, 52, in violation of the Pennsylvania Human Relations Act, 43 U.S.C. §951, et seq.

27.    As a direct result of Defendant's discriminatory actions in violation of the PHRA, Plaintiff has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

      a.    That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered

       employment into a position substantially equivalent to the ones which Plaintiff was denied;

b.    That Defendant be required to provide Plaintiff with front pay;

c.    That Defendant be required to compensate Plaintiff for lost benefits, including pension benefits until Plaintiff's normal retirement date;

d.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the PHRA;

e.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the PHRA;

f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Colleen E. Ramage*
Colleen E. Ramage
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Ramage Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 – phone
(412) 325-7755 – fax

cramage@ramagelykos.law
nlykos@ramagelykos.law

Attorneys for Plaintiff